SO ORDERED.

Dated: September 12, 2024



*Madeleine C. Wanslee*
**Madeleine C. Wanslee, Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>**PM & M ELECTRIC, INC.,**<br>*dba* **Titan Solar Power**<br>Debtor.<br>**EIN: 94-3012313** | Chapter 7 Proceedings<br>Case No. 2:24-bk-04978-MCW<br>**ORDER: (1) GRANTING JOINT ADMINISTRATION OF CASES; AND (2) ESTABLISHING NOTICE AND SERVICE PROCEDURES** |

This matter came before the Court on Trustees' *Stipulated Motion for: (1) Joint Administration of Cases; and to (2) Establish Notice and Service Procedures* ("**Stipulated Motion**"). Based upon the Stipulated Motion, the arguments of counsel and the entire record in these cases, the Court finds as follows:

(i) It has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334;

(ii) Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

(iii) This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A);

(iv) The relief requested in the Stipulated Motion is in the best interests of the Bankruptcy Estates, their creditors, and other parties-in-interest;

(v) Adequate and proper notice of the Stipulated Motion has been given and no further notice is necessary under the circumstances of these cases; and

(vi) Good and sufficient cause exists for granting the relief requested in the Stipulated Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED**;

A. The Stipulated Motion is granted;

B. Joint Administration of the Cases is hereby granted;

C. **All claims shall be filed in the case involving the specific entity against which the claimant asserts a claim and that case in which creditors or parties in interest have received Claims Bar Date Notices**;

D. All other pleadings, motions, etc. shall be filed in the Lead Case (PM & M Electric, Inc., 2:24-bk-04978-MCW), with specification in the caption of which individual case such filing applies; and

E. The caption of these jointly administered Cases (collectively the "Cases" and each a "Case") shall be as follows:

| | |
|---|---|
| In re:<br><br>**[TITAN SOLAR POWER] PM & M ELECTRIC, INC.,**<br><br>Debtor. | Chapter 7 Proceedings<br><br>Case No. 2:24-bk-04978-MCW<br><br>(Jointly Administered) |
| THIS FILING APPLIES TO:<br><br>☐ All Debtors<br>☐ Specified Debtors: | |

**IT IS HEREBY FURTHER ORDERED** that unless the relevant noticing rule(s) for the matter being presented to the Court require(s) lesser notice[1], and except as otherwise provided herein, service of all filings in the Cases shall be limited solely to the creditors and interested parties set forth on the "**Official Service List**." Each separate Case shall keep its own Official Service List which will contain the following parties in interest:

i. The Office of the United States Trustee;

ii. Counsel for the secured creditor identified in Schedule D of the applicable Case;

---

[1] This reference is included to clarify and ensure that filings requiring less notice than required in this provision, including but not limited to *ex parte* filings, will not be subject to the modified noticing procedures set forth herein.

iii. Counsel to the applicable Debtor;

iv. Counsel to the applicable Trustee;

v. Any party who files a request for notice in the applicable Case;

vi. All creditors delineated on Schedules D through F in the applicable Case;

vii. The Internal Revenue Service and the applicable state taxing authority or authorities in the applicable Case;

viii. All parties who have timely filed proofs of claim in the applicable Case; and

ix. Any other party that is added to the Official Service List upon written request to the applicable Trustee, or as ordered by the Court.

**IT IS FURTHER ORDERED** that any creditor may be added to any Official Service List by filing with the court in the applicable Case and serving on the applicable Debtor's counsel a "Notice of Appearance and Request for Service" or similar document.

**IT IS FURTHER ORDERED** that any party on the Official Service List, and any other party represented by counsel of record, may receive notice of filings ***only by email and only to the email address of their counsel as provided in their notice of appearance or other filing***, unless the Court orders otherwise. Counsel shall be responsible for forwarding notices to their clients. Any creditor may be removed from any Official Service List by filing a "Notice of Removal" with the Court in the applicable Case and serving it on the applicable Trustee's counsel.

**IT IS FURTHER ORDERED** that, in addition to service upon an Official Service List, all parties will be required to serve the following types of filings, for which particular notices are required by Bankruptcy Rules 2002(a)(2), (3), and (6), 4001, 6004, 6006, 6007, or 9019, in accordance with the notice procedures set forth hereinafter, unless otherwise authorized by the Court:

i. All filings relating to the use, sale, lease, or abandonment of property other than in the ordinary course of business shall be served upon each entity having an interest in the property [*see* Bankruptcy Rule 6004(a)].

ii. Filings relating to relief from, or otherwise related to, the automatic stay shall be served upon each entity having a lien or encumbrance on the affected property [*see* Bankruptcy Rule 4001(a)(1)].

iii. Filings relating to the use of cash collateral or obtaining credit shall be served upon each entity with an interest in the cash collateral or each entity with a lien or other interest in property upon which a lien is proposed to be granted, and any other entity the Court directs [*see* Bankruptcy Rule 4001(b)(1)].

iv. Filings relating to approval of a proposed compromise or settlement shall be served upon any entity that is a party to the compromise or settlement [*see* Bankruptcy Rule 9019(a)].

v. Filings relating to rights under Section 365 of the Bankruptcy Code shall be served upon each party to the executory contract(s) or expired lease(s) affected thereby [*see* Bankruptcy Rule 6006(c)].

**IT IS FURTHER ORDERED** that, unless otherwise ordered by this Court, the noticing procedures set forth hereinbefore will not apply to notices of the matters or proceedings set forth below:

i. Section 341 meetings [*see* Bankruptcy Rule 2002(a)(1)];

ii. Conversion or dismissal of the case [*see* Bankruptcy Rule 2002(a)(4)];

iii. Certain matters relating to equity security holders [*see* Bankruptcy Rule 2002(d)];

iv. Notice of objection deadlines to any of the above matters;

v. Notice of deadline to file proofs of claim; and

vi. Any other matters as the Court may order.

These matters must be noticed as provided for in the relevant Bankruptcy Rule.

**DATED AND SIGNED ABOVE.**